IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GABRIEL QUINTIN FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-203-WHA |
| | ) | [WO] |
| OFFICER BENNETT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Montgomery County Detention Facility, filed this 42 U.S.C. § 1983 complaint on March 21, 2019. After reviewing the complaint and finding deficiencies with this pleading, the court determined that Plaintiff should be provided an opportunity to file an amended complaint to correct the deficiencies. On March 25, 2019, the court entered a detailed order explaining the deficiencies in the complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc. 4. The court specifically advised Plaintiff to "file an amended complaint which specifies the claim(s) and the defendant(s) against whom he wishes to proceed in this action." Doc. 4 at 1. The order further advised Plaintiff that the "original complaint shall be superseded by the amended complaint," and cautioned him that his failure to comply with the directives of the order would result in a recommendation that this case be dismissed. Doc. 4 at 1–3.

The time allowed to Plaintiff to file the amended complaint expired on April 8, 2019. As of the present date, Plaintiff has failed to file an amended complaint as required by this court. Because of Plaintiff's failure to file the requisite amended complaint, the court concludes that this case should be dismissed. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte*

dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the order of the court and to prosecute this action.

It is further ORDERED that **on or before June 5, 2019**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which he objects. Plaintiff is advised that frivolous, conclusive, or general objections will not be considered. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 22nd day of May, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE